54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jerome HENDERSON, Plaintiff-Appellant,
v.
Gordon PULLMAN, et al., Defendants-Appellees.
 No. 94-4196.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1995.
 
 Before: BROWN, KENNEDY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Jerome Henderson, a pro se Ohio prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a). Defendants have informed the court that they will not be filing a brief.
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Henderson sued two prison guards in their individual and official capacities. Henderson alleged that on March 23, 1992, he was convicted of a prison infraction where defendant Schramm was on the disciplinary board and defendant Pullman was a witness. At a classification hearing conducted on March 27, 1992, Henderson was reclassified from "A-Level" to the more restrictive "B-Level" within death row. On May 14, 1992, the classification committee, which included Schramm and Pullman, voted to continue Henderson's "B-Level" classification. Henderson claimed that the presence of Schramm and Pullman on the classification committee violated Henderson's procedural due process rights set forth in Ohio Admin. Code Sec. 5120-9-08.
 
 
 3
 The parties filed cross-motions for summary judgment. Upon de novo review of a magistrate judge's report and over Henderson's objections, the district court granted summary judgment for Schramm and Pullman.
 
 
 4
 In his timely appeal, Henderson continues to argue that the May 14th classification decision violated his due process rights and various provisions of Ohio's administrative code. Henderson has moved for the appointment of counsel.
 
 
 5
 This court's review of an order granting summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir. 1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Schramm and Pullman did not violate Henderson's due process rights. There is no inherent constitutional right to remain free of any particular security classification. See Montanye v. Haymes, 427 U.S. 236, 242 (1976). However, state regulations may create a liberty interest which may not be deprived without due process. See Hewitt v. Helms, 459 U.S. 460, 469 (1983). Ohio has not granted its prisoners a liberty interest in a particular classification. Thus, Henderson has no liberty interest in an "A-Level" classification.
 
 
 7
 We further note that Ohio's administrative code does not prevent Schramm and Pullman from sitting on Henderson's classification committee. Although defendant Pullman could not have served on the disciplinary board which heard Henderson's rule infraction, Ohio Admin. Code Sec. 5120-9-08, Schramm's and Pullman's knowledge of Henderson's rule violation does not prevent them from serving on Henderson's classification committee. Ohio Admin. Code Secs. 5120-9-52, -53. Henderson's arguments are without merit.
 
 
 8
 Accordingly, we deny the motion for appointed counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.